# 12-3120-CR

IN THE

## United States Court of Appeals

FOR THE SECOND CIRCUIT

———— ▸▸◂◂ ————

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

ROBERT CHU,

*Defendant-Appellant.*

————————

*On Appeal from the United States District Court
for the Southern District of New York (New York City)*

## BRIEF FOR DEFENDANT-APPELLANT

Alice L. Fontier
LAW OFFICES OF JOSHUA L. DRATEL, P.C.
*Attorneys for Defendant-Appellant*
Two Wall Street, 3rd Floor
New York, New York 10005
212-732-0707

## TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

POINT I

THE DISTRICT COURT IMPROPERLY
DENIED THE REDUCTION FOR
ACCEPTANCE OF RESPONSIBILITY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT II

THE DISTRICT COURT IMPROPERLY HELD
THAT MR. CHU WAS RESPONSIBLE FOR 2.5
KILOGRAMS OF HEROIN, WHEN ONLY 61.13
GRAMS WERE PROVED BY A
PREPONDERANCE OF THE EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

POINT III

MR. CHU'S SENTENCE IS
SUBSTANTIVELY UNREASONABLE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

REQUEST FOR ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# TABLE OF AUTHORITIES

## CASES

*Gall v. United States*, 552 U.S. 38 (2007)................................ 5,6

*Kimbrough v. United States*, 552 U.S. 85 (2007)......................... 5,6

*Nelson v. United States*, 555 U.S. 350 (2009)............................. 5

*United States v. Booker*, 543 U.S. 220 (2004). ............................ 6

*United States v. Concepcion,* 983 F.2d 369 (2d Cir. 1992). ................. 12

*United States v. Drayer*, 364 F. App'x. 716 (2d Cir. 2010). .................. 14

*United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978)...................... 13,14

*United States v. Fatico ("Fatico II")*, 603 F.2d 1053 (2d Cir. 1979). .......... 14

*United States v. Jones*, 531 F.3d 163 (2d Cir. 2008). ...................... 6,7

*United States v. Ruggiero*, 100 F.3d 284 (2d Cir. 1996). .................... 9

*United States v. Salazar-Murillo*, 666 F. Supp. 2d 397 (S.D.N.Y. 2009). ...... 12

*United States v. Vaughn,* 430 F.3d 518 (2d Cir. 2005)...................... 12

*United States v. Watts*, 519 U.S. 148 (1997)............................. 12

## STATUTES

18 U.S.C. §3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. §3742(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. §841(B)(1)(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

21 U.S.C. §846. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

28 U.S.C. §1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

U.S.S.G. §3E1.1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

## OTHER

*U.S. Sentencing Commission Preliminary Quarterly Data Report, 4th Quarter Release, Preliminary Fiscal Year 2011 Data.* . . . . . . . . . . . . . . . . . . . . . . . 15,16,17,18

## JURISDICTIONAL STATEMENT

The District Court's jurisdiction is based on 18 U.S.C. §3231.  This Court's jurisdiction is based on 28 U.S.C. §1291 and 18 U.S.C. §3742(a).  This appeal is from a sentence imposed July 19, 2012, on Robert Chu by the Honorable Katherine B. Forrest, United States District Judge, Southern District of New York.  Mr. Chu was convicted by guilty plea to one count of Conspiracy to Distribute Narcotics, in violation of 21 U.S.C. §§ 841(B)(1)(C) and 846.  The District Court imposed a sentence of 87 months' imprisonment followed by three  years of supervised release.  A timely Notice of Appeal was filed August 2, 2012.  JA at A44.[1]  Mr. Chu is appealing a final order of the District Court regarding his sentence.  This appeal resolves all claims between the parties.

## STATEMENT OF THE ISSUES

As detailed below, the 87-month sentence imposed by the District Court is both substantively and procedurally unreasonable.  The District Court committed the following errors:

(1)    the District Court improperly denied Mr. Chu credit for his acceptance of responsibility;

(2)    the District Court based the sentence on a quantity of drug that had

_____

[1] "JA" denotes the Joint Appendix filed herewith.

-1-

not been proved by a preponderance of the evidence; and

(3)    the sentence of 87 months' imprisonment is substantively

unreasonable for someone like Mr. Chu who is suffering from a

severe drug addiction.

This combination of errors separately and together render Mr. Chu's

sentence both procedurally and substantively unreasonable.  Accordingly, the

sentence must be vacated, and the matter remanded for re-sentencing.

## STATEMENT OF THE CASE

Robert Chu was arrested September 26, 2012, and arraigned on the

Complaint on September 27, 2011. Docket Entry #3;  J.A. at A2.  March 14, 2012,

Mr. Chu entered a guilty plea to Count One of the Indictment, charging a

Conspiracy to Distribute Narcotics, in violation of 21 U.S.C. §§ 841(B)(1)(C) and

846. Docket Entry #13;   J.A. at A5.

Mr. Chu is just 24 years old, he was born on November 9, 1988.  PSR at ¶

43.  Mr. Chu had a normal childhood, and enjoyed the love and support of his

family.  *Id* at 44.  In addition, Mr. Chu's father sustained a back injury and had

been out of work for about two years prior to Mr. Chu's arrest.  *Id* at 46.  Mr.

Chu's mother was also unemployed at the time of his arrest.  *Id*.  Because of this

Mr. Chu's family had been struggling financially, and both of his parents relied on

-2-

his support.  *Id.*

At the time of his arrest Mr. Chu was a daily polysubstance abuser.  ST at 9, JA at A16.  In the year prior to his arrest Mr. Chu used marijuana, crack, cocaine, heroin, and some combination of prescription pain killers on a daily basis.  He would use the uppers during the day, and then at night he would use heroin and pain killers to sleep. ST at 9, JA at A16.  Mr. Chu is genuinely remorseful for his actions, and as he made clear at the time of sentencing, he wishes to finally obtain the necessary treatment to help him overcome his drug addiction.  ST at 13, JA at A20.

In the instant offense, Mr. Chu sold small quantities of various substances. At the time of his arrest, he was in possession of heroin, crack, oxycodone, cocaine, marijuana, ketamine, BZP, and clonazapam. PSR at ¶25. However, he only had a few grams of each of these substances.  *Id.*  Mr. Chu was not a major dealer.  He purchased drugs primarily for his own use, but sold some to maintain his addiction and to support his family.  ST at 9, JA at A16.  There were no allegations of violence, widespread distribution, or participation in a large or violent conspiracy.  Indeed, Mr. Chu's offense was a direct result of his illness.

Despite, the limited and relatively small quantities of controlled substances involved in this offense, the PSR quoted two conversations between Mr. Chu and

-3-

the confidential informant.  PSR at ¶ ¶ 11 and 14.  In these conversations, Mr. Chu

made references to selling greater quantities than he possessed and also to being

able to access greater quantities.  *Id.*  Mr. Chu was never charged with this

conduct, nor did he plead guilty to this conduct.  Yet, the Court relied on these

statements as a basis for increasing Mr. Chu's sentence – finding that Mr. Chu was

involved with 2.5 kilograms of heroin.  ST at 16-19, JA at A23-26.

The PSR calculated a total offense level of 28 and placed Mr. Chu in

Criminal History Category II, resulting in a recommended Guidelines range of 87

to 108 months.  PSR at ¶ 60.  Mr. Chu objected to this calculation.  Pursuant to the

plea agreement, the applicable Guidelines range was 63 to 78 months.  The

Guidelines calculation in the PSR differs from that in the plea agreement because

the Office of Probation recommended that Mr. Chu not receive a three point

reduction for acceptance of responsibility.  PSR at ¶ 61.  The denial is based on

the allegation that Mr. Chu attempted to bring controlled substances into the

MDC.  *Id.*

At sentencing the Court agreed with the calculation as set forth by the

Office of Probation, and over objection by Mr. Chu, held that the appropriate

sentencing guideline level was 28.  ST at 6-7, JA at A13-14.  The Court stated

that:

-4-

> the Court then does find that there is under sentencing
> guidelines Section 3E1.1 an indication that if there is
> relevant conduct that is after a plea, it can be considered
> to be acting in a manner inconsistent with an acceptance
> of responsibility.  So that legal basis for not eliminating
> the two-level reduction, I think, is without merit ...

ST at 6, JA at A13.

## ARGUMENT

The errors committed by the District Court below are in many respects governed by common legal standards, and are set forth initially in order to avoid repetition.  In *United States v. Booker*, 543 U.S. 220, 245 (2004), the Supreme Court, in rendering the Sentencing Guidelines advisory, also established that sentences are reviewed for reasonableness.  *Id*. at 261.

In *Gall v. United States*, 552 U.S. 38 (2007), the Court directed that "courts of appeals must review all sentences – whether inside, just outside, or significantly outside the Guidelines range – under a deferential abuse-of-discretion standard." 552 U.S. at 41, *accord Kimbrough v. United States*, 552 U.S. 85 (2007).  However, as the Supreme Court recently emphasized in *Nelson v. United States*, 555 U.S. 350 (2009), when a district court imposes sentence, "[t]he Guidelines are not only *not mandatory* on sentencing courts;  they are also not to be *presumed* reasonable."  555 U.S. at 350 (emphasis in original).

In fashioning an appropriate, and reasonable, sentence, the standard mandated by statute, referred to as the "parsimony clause" and reaffirmed by the Supreme Court, is that a sentence be "sufficient but not greater than necessary" to comply with the statutorily enumerated purposes of sentencing. 18 U.S.C. § 3553(a), *see also Kimbrough v. United States*, 552 U.S. at 101 (§ 3553(a) "contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing . . .").

Thus, in accordance with *Gall*, an appellate court's duty when reviewing a sentence is to "first ensure that the district court committed no significant procedural error[s]" and then to "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  552 U.S. at 51.

This Court has summarized the duties of the reviewing court as follows:

> [i]n *Gall,* the Supreme Court noted various procedural errors that can render a sentence unreasonable: (1) "failing to calculate (or improperly calculating) the Guidelines range," (2) "treating the Guidelines as mandatory," (3) "failing to consider the [18 U.S.C.] § 3553(a) factors," (4) "selecting a sentence based on clearly erroneous facts," or (5) "failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall v. United States,* 128 S.Ct. at 597. In the absence of any such procedural error, *Gall* instructs that substantive

reasonableness reduces to a single question: "whether the
District Judge abused his discretion in determining that
the § 3553(a) factors supported" the sentence imposed.
*Id.* at 600 (describing inquiry as the "only question for
the Court of Appeals" where "the District Court
committed no procedural error").

*United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008).

Here, the sentence imposed on Mr. Chu was both procedurally and

substantively unreasonable and as a result must be vacated.

## POINT I

### THE DISTRICT COURT IMPROPERLY DENIED THE REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY

Pursuant to U.S.S.G. § 3E1.1, "if the defendant clearly accepts

responsibility for his conduct" the offense level should be reduced by two levels.

U.S.S.G. § 3E1.1(a).  The application notes to section 3E1.1 set forth the

following relevant factors that the Court should consider when determining

whether a defendant should receive a reduction:

1.  In determining whether a defendant qualifies under subsection (a),
    appropriate considerations include, but are not limited to, the
    following:

    (A) truthfully admitting the conduct comprising the offense(s) of
    conviction, and truthfully admitting or not falsely denying any
    additional relevant conduct for which the defendant is accountable

-7-

under § 1B1.3 (Relevant Conduct).

...

3.    Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) (see Application Note 1(A) ), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

U.S.S.G. § 3E1.1, *App. N. 1(A) and (3).*

Mr. Chu should have received three points off for acceptance of responsibility, because he pled guilty in a timely fashion, and did not deny his conduct in this case, or any other relevant conduct. *See* U.S.S.G. § 3E1.1, *n. (1)(A).*

Mr. Chu was in custody from the time of his arrest. As stated **ante** at 3, it was undisputed by the government, and accepted by the Court that Mr. Chu suffered from a severe drug addiction prior to his arrest. In addition, the facility in which Mr. Chu was detained – Metropolitan Detention Center of Brooklyn – does not have any drug treatment programs available to inmates. ST at 7, JA at A14. Despite Mr.Chu's desparate medical condition, and the utter lack of care, Mr. Chu

-8-

was a model inmate – there were no disciplinary actions brought against Mr. Chu. PSR at ¶ 6.

The PSR stated, and the Court accepted, that Mr. Chu had conversations with his brother and his cousin, in which he discussed the possibility of obtaining drugs in prison. PSR at 18. There was no allegation that Mr. Chu ever caused drugs to be brought into the facility, or that he ever used drugs while in custody. Indeed, as stated **ante** Mr. Chu had no disciplinary infractions while in custody. Nor did Mr. Chu commit any additional crimes. Importantly, and consistent with his acceptance of responsibility, Mr. Chu did not deny that these conversations took place. ST at 5-6, JA at A12-13.

The Court has discretion to deny acceptance points for new criminal conduct, including smuggling drugs into a facility. *See United States v. Olvera*, 954 F.2d 788, 793 (2d Cir. 1992). However, that did not occur here. In this instance, a man who was severely addicted to cocaine, crack, heroin, and pain killers – who was forced to quit immediately and without medical assistance – had two conversations about trying to obtain drugs. These moments of weakness that resulted in no actual criminal conduct, are an insufficient basis for denying acceptance of responsibility.

Indeed, even if Mr. Chu had committed an additional criminal act, failure to

-9-

accept responsibility for criminal conduct outside of the charges to which he pled guilty is not a valid reason for denial of acceptance of responsibility. *United States v. Oliveras*, 905 F.2d 623, 628 (2d Cir. 1990) ("To require a defendant to accept responsibility for crimes other than those to which he has pled guilty or of which he has been found guilty in effect forces defendants to choose between incriminating themselves as to conduct for which they have not been immunized or forfeiting substantial reductions in their sentences to which they would otherwise be entitled to consideration."). On the contrary, here, Mr. Chu's conduct did not result in any criminal action, and he accepted responsibility for his conversations.

Accordingly, Mr. Chu respectfully requests that the Court vacate his sentence and remand for re-sentencing.

## POINT II

### THE DISTRICT COURT IMPROPERLY HELD THAT MR. CHU WAS RESPONSIBLE FOR 2.5 KILOGRAMS OF HEROIN, WHEN ONLY 61.13 GRAMS WERE PROVED BY A PREPONDERANCE OF THE EVIDENCE

The amount of heroin involved in this offense was 61.13 grams. PSR at ¶¶ 5 and 25. However, the PSR also quoted a conversation between Mr. Chu and the confidential informant, in which Mr. Chu stated that he "pushed 100 every other

-10-

week." PSR at ¶ 10. There was no evidence or allegation by the government that
this conversation was true, accurate, or supported in any way. The government
never asserted that Mr. Chu was responsible for selling 100 units of any controlled
substance.

However, based on nothing other than the quoted statements in the PSR at ¶
10 and the conjecture of the Office of Probation, the District Court concluded:

> [t]here appears to be information which indicates that
> Mr. Chu was involved in about 100 grams every other
> week for at least a year, which would be the DEA – the
> PSR calculated it out at 2.6 kilos. I calculated it out, it's
> 2.5 kilos. But I don't believe the 2.5 kilos was taken into
> consideration in calculating the offense level, and if so, I
> want to confirm that fact.

ST at 16, JA at A23.

The District Court concluded, "[t]he Court is not intending to take the two
and a half kilos and use that as the basis for a sentencing guidelines calculation. It
is, however, a fact that's relevant for me under Section 1B1([3]) in the
commentary thereto." ST at 17, JA at A24. Further the Court stated "I am taking
into consideration when I look at the various factors under 3553(a) the total
quantity for which he was associated." ST at 18-19, JA at A25-26.

The District Court's reliance on the unsupported conclusion that Mr. Chu
was associated with 2.5 kilograms of heroin is improper because the quantity had

-11-

not been proved by a preponderance of the evidence and the District Court did not conduct an evidentiary hearing.

A sentencing court may rely on uncharged conduct – even acquitted or dismissed conduct – if it makes a finding that the conduct has been proved by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 157 (1997) ("We therefore hold that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence"); *see also United States v. Salazar-Murillo*, 666 F. Supp. 2d 397, 398 (S.D.N.Y. 2009) *quoting United States v. Vaughn,* 430 F.3d 518, 520 (2d Cir. 2005) ("The Court may 'find facts relevant to sentencing by a preponderance of the evidence without violating the Due Process Clause'"); and *United States v. Ruggiero*, 100 F.3d 284, 290 (2d Cir. 1996) ("the Second Circuit has held repeatedly that 'disputed facts relevant to sentencing, even under the Guidelines, need be established only by a preponderance of the evidence'), *quoting United States v. Concepcion,* 983 F.2d 369, 388 (2d Cir. 1992).

In determining whether conduct has been proved by a preponderance of the evidence, the District Court may rely on the record before it. However, if the record is insufficient to prove the conduct by a preponderance of the evidence and

the defendant has challenged the truth of the allegations against him, then the

District Court is required to call for further corroborating evidence. *United States*

*v. Fatico*, 579 F.2d 707, 713 (2d Cir. 1978).

As this Court has stated:

> although we do not believe that a sentencing hearing will
> be necessary every time a defendant disputes facts or
> statements in the presentence report, we certainly would
> not hold it an abuse of discretion on the part of a district
> judge to hold such a hearing where there is reason to
> question the reliability of material facts having in the
> judge's view direct bearing on the sentence to be
> imposed, especially where those facts are essentially
> hearsay. Indeed, the statute permitting appeal from the
> suppression of evidence at a sentencing hearing, 18
> U.S.C. § 3731, on which the Government relied in
> appealing in Fatico I, *supra*, recognizes that such a
> hearing may be required in some cases.

*United States v. Fatico* ["*Fatico II*"], 603 F.2d 1053, 1058 (2d Cir. 1979).

Here, the facts relating to the 2.5 kilograms were only contained in a single

unsupported, unproven, statement contained in the presentence report. Mr. Chu

objected to the use of this information for sentencing purposes, and to the veracity

of the statements. ST at 17, JA at A24.

Once Mr. Chu contested the statements in the presentence report, and cited

evidence to the contrary, the District Court was required to call for further

corroborating evidence. *Fatico*, 579 F.2d at 713. However, rather than conduct a

*Fatico* hearing, the District Court merely concluded that the statements were accurate and supported its own conclusion that Mr. Chu was therefore responsible for 2.5 kilograms of heroin. ST at 18-19, JA at A25-26. Based on its opinion alone, the District Court increased Mr. Chu's sentence.

The District Court's improper reliance on unproven statements in the presentence report that had been contested by the defense without conducting a *Fatico* hearing was procedural error and requires this Court to vacate the sentence. *See Drayer*, 364 F. App'x. at 720, *unpublished* (vacating a sentence where District Court failed to make any factual findings regarding loss amount, denied the defense request for a *Fatico* hearing, and relied on the government's statements).

## POINT III

### MR. CHU'S SENTENCE IS SUBSTANTIVELY UNREASONABLE

A sentence of 87 months for a 24 year old drug addicted defendant with very limited prior criminal history is substantively unreasonable. As set forth **ante** at 3, this offense is a product of Mr. Chu's undisputed severe drug addiction. At the time of his arrest he was a daily polysubstance abuser. His only prior criminal conviction– a New York State conviction for drug possession (PSR at ¶ 38) – is indicative of his ongoing drug addiction and demonstrates his desperate need for

-14-

rehabilitation rather than lengthy incarceration.

In addition, the United States Sentencing Commission (hereinafter "the Sentencing Commission") publishes each quarter an abstract of federal sentencing statistics entitled *U.S. Sentencing Commission Preliminary Quarterly Data Report* (hereinafter "*Quarterly Data Report*").[2]  The figures in the most recent version, the *4th Quarter Release, Preliminary Fiscal Year 2011 Data*, which covers sentences imposed from September 30, 2010 through October 1, 2011, demonstrate that the Guidelines no longer constitute the predominant factor in the majority of sentences in the Southern District of New York (or the Eastern District of New York, either).

For example, the *Quarterly Data Report* reveals that within the Second Circuit, the majority of sentences, 60.6%, were *not* within the calculated Guidelines range.  *See Quarterly Data Report*, at 2.[3]  The SDNY figures are even more dramatic:  67% of sentences were outside the Guidelines range (along with 68.9% in the Eastern District of New York), ranking SDNY seventh nationally

---

[2]  The *Quarterly Data Report* is available at <http://www.ussc.gov/Data_and_Statistics/Federal_Sentencing_Statistics/Quarterly_Sentencing_Updates/USSC_2011_4th_Quarter_Report.pdf>.  Prior quarterly data is also available on the Sentencing Commission's web site, www.ussc.gov.

[3]  Nationally, 54.6% of sentences were *within* the Guidelines range.  *Quarterly Data Report*, at 2.

-15-

among districts with the lowest rates of sentences within the Guidelines. *Id.*[4]
Those numbers represent a continuing trend since *Booker* was decided January 12,
2005: in the first quarter of 2005, 70.5% of sentences nationally were within the
Guidelines range. *Id.*, at 12. That number initially decreased to 61.8% by the first
quarter of 2006, then remained essentially steady (60.7% for first quarter 2007,
and 60.0% for first quarter 2008), before resuming its decline in 2009 and again
through fiscal 2010. *Id.*

In addition, only a minute fraction – 0.5% – of all SDNY sentences were
*above* the Guidelines range, while 66.6% were *below* the range. In addition, the
reasons for sentences below the Guidelines have evolved as well. Currently, in
SDNY, only 15.4% of sentences[5] are attributable to government-sponsored
motions,[6] while §3553(a) factors, Guidelines downward departures, and/or a
combination thereof are responsible for 51.2% (all of which were *below* the

---

[4] SDNY trails only the Eastern District of New York, the District of Vermont, the
Eastern District of Wisconsin, the Central and Southern Districts of California (which include a
significant number of "fast track" departures in immigration cases), and the District of
Minnesota. *See Quarterly Data Report*, at 2-6.

[5] The percentages are of *all* sentences within the District, as that is how the figures are
presented in the *Quarterly Data Report*.

[6] Of those, 14.7% are the result of motions pursuant to §5K1.1, and the remaining 0.7%
are listed merely as "Other Government Sponsored." *Quarterly Data Report*, at 3.

Guidelines range).  *Quarterly Data Report*, at 3.[7]  That represents the highest

percentage of non-government sponsored below-Guidelines sentences among *all*

districts.[8]  Also, the proportion of §3553(a)-based below-Guidelines sentences

relative to government-sponsored below-Guidelines has increased dramatically

since *Booker*.  *Compare*, *U.S. Sentencing Commission Preliminary Quarterly*

*Data Report*, 3rd Quarter Release, Preliminary Fiscal Year 2006 Data, Through

July 30, 2006, at 3.

> Thus, in SDNY, a sentence *below* the Guidelines range is the *norm*, and *not*

the exception.  Even excluding cases involving §5K1.1 (or other government-

sponsored) motions,the incidence in SDNY of a below-Guidelines sentence based

on §3553(a) factors and/or Guidelines downward departures (51.2%) still exceeds

the ratio of within-Guidelines sentences (33%) by more than 18%.

> For drug trafficking offenses (which are not distinguished any further with

respect to type of drug or quantity), the data – which are provided in the *Quarterly*

*Data Report* only on a national level – are also instructive.  Only 46.4% of drug-

---

[7] The components of below-Guidelines sentences in SDNY (other than government-sponsored) were as follows:  (1) downward departures alone:  2.3%;  (2)  downward departure with §3553(a) factors: 2.6%;  (3)  §3553(a) factors alone: 45.4%;  and (4)  "remaining below range" (uncategorized): 0.9%.  *Quarterly Data Report*, at 3.

[8] Thus, while only 28.4% of sentences imposed in the Southern District of California were within the Guidelines range, only 10.7% were attributable to non-government sponsored reasons (with §5K1.3 early disposition departures (so-called "fast track" departures) accounting for 51.9% of the below-Guidelines sentences).  *See Quarterly Data Report*, at 7.

-17-

trafficking sentences nationally were within the Guidelines range. *Quarterly Data Report*, at 8. Only 0.9% of all drug-trafficking sentences were *above* the Guidelines, while 52.6% were below the Guidelines. *Id.*, at 9. Moreover, of the 280 sentences meted out for drug trafficking nationally during the *Quarterly Data Report* period, and in which the sentence was below the Guidelines based on §3553(a) factors, the *median* sentence was 46 months, representing a 36.2% "*median* percent decrease from Guideline minimum." *Quarterly Data Report*, at 23 (emphasis added).

Thus, any support for a Guidelines sentence for Mr. Chu in this case not only ignores all §3553(a) factors other than the Guidelines (and particularly as they relate to Mr. Chu), but also defies empirical reality in this district and in this Circuit. Moreover, the national median figures demonstrate that a lesser sentence for Mr. Chu is well within the parameters of below-Guidelines sentencing for drug trafficking offenses. As a result, the Guidelines simply no longer reflect a sentence "sufficient but not greater than necessary," and Mr. Chu's circumstances present a paradigmatic example why they do not.

Also, a lesser sentence that focused on in-patient drug treatment, for Mr. Chu would have been fully consistent with 18 U.S.C. §3582(a)'s requirement that a sentencing court "recognize [that] imprisonment is not an appropriate means of

promoting correction or rehabilitation."   The Second Circuit figures since *Booker* reflect that reality, as well as the reality that prison overcrowding as a result of reflexively long Guidelines sentences needs to be addressed.

Mr. Chu was a street-level dealer who sold small quantities to support his own addiction and help provide for his family.  ST at 9, JA at 16.  The Court failed to adequately consider Mr. Chu's need for medical treatment, 3553(a)(2)D), and his overwhelming need for rehabilitation rather than incarceration.  In this context, the guidelines sentence of 87 months' imprisonment is substantively unreasonable.

Accordingly, this Court should vacate the sentence of 168 months' imprisonment.

## CONCLUSION

For all the reasons set forth above, it is respectfully submitted that the Court should vacate Mr. Chu's sentence and remand the matter for re-sentencing.

Dated: December 6, 2012
          New York, New York                    Respectfully submitted,

                                                 ALICE L. FONTIER
                                                 DRATEL & MYSLIWIEC, P.C.
                                                 2 Wall Street 3rd Floor
                                                 New York, New York 10005
                                                 (212) 732-0707
                                                 Afontier@joshuadratel.com

                                                 *Attorney for Appellant*
                                                 *Robert Chu*

-19-

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 34(a), Mr. Chu respectfully requests the right to be

heard at oral argument.

Dated: December 6, 2012
       New York, New York

Respectfully submitted,


ALICE L. FONTIER
DRATEL & MYSLIWIEC, P.C.
2 Wall Street 3rd Floor
New York, New York 10005
(212) 732-0707
Afontier@joshuadratel.com

*Attorney for Appellant*
*Robert Chu*